UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**CV 14-6128**

-----------------------------------------------------------------------------X

JUSTIN CARR

Plaintiff,

GERSHON, J.

**COMPLAINT**
**JURY TRIAL DEMANDED**

-against-

THE CITY OF NEW YORK, NEW YORK CITY POLICE
DEPARTMENT, KINGS COUNTY DISTRICT ATTORNEY'S OFFICE
NEW YORK CITY POLICE SARGEANT JERRY GARCIA,
NEW YORK POLICE OFFCIER ROMAN GORIS
NEW YORK CITY POLICE DETECTIVE DOUGLASS CARR and
JOHN DOE POLICE OFFICER
                              Defendants.

-----------------------------------------------------------------------------X

Plaintiff, JUSTIN CARR, by his attorney Lonnie Hart Jr. P.C., complaining of the Defendants

The City of New York (hereinafter referred to as "CITY"), New York City Police Department

(hereinafter referred to as "NYPD", Kings County District Attorney's Office (hereinafter KCDA) New

York Sargent Jerry Garcia (hereinafter Sgt, Garcia), Police Officer Roman Goris,  (hereinafter referred

to as "Officer Goris"), New York City Police Detective Douglas Carr (hereinafter referred to as "Det.

Carr"), and John Doe Police Officer (hereinafter referred to as John Doe Officer) alleges upon

information and belief, as follows:


**NATURE OF THE ACTION**

1.      This is a civil rights action for money damages brought pursuant to 42 U.S.C. §§1983

and 1988, for deprivation of Plaintiff's rights under the Fourth, Fifth, Sixth and Fourteenth

Amendments of the United States Constitution, Article 1, Sections 6, 8, and 12 of the New York State

Constitution, and the laws of the State of New York, against the City of New York, New York City

Police Department, Kings County District Attorney's Office, New York City Police Sargent Jerry

Garcia, New York City Police Officer Roman Goris,  New York City Police Detective and John Doe

Police Officer, in their individual capacities and official capacities.  Plaintiff seeks compensatory and

punitive damages, affirmative and equitable relief, an award of attorney's fees and costs, and such other relief as this Court deems equitable and just.

## JURISDICTION

2.      This Court has subject matter jurisdiction over the federal claims pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1343 (3) and (4).  Plaintiff also asserts jurisdiction over the City of New York under 28 U.S.C. § 1331 and § 1367.

## VENUE

3.      Under 28 U.S.C. § 1391(b), venue is proper in the Eastern District of New York because the events forming the basis of Plaintiff's complaint occurred in that District.

## NOTICE OF CLAIM

4.      On March 5, 2014, Plaintiff filed a Notice of Claim upon Defendant City of New York, by delivering copies thereof to the person designated by law as a person to whom such claim may be served.

5.      Plaintiff's Notice of Claim was in writing, individually sworn to by Plaintiff, containing his name and address, and the name and address of his attorney.

6.      The Notice of Claim set out the nature of the claims, the time when, the place where, and manner by which the claims arose, and the damages and injuries claimed to have been sustained by Plaintiff.

7.      A hearing pursuant to GML §50h was conducted on May 12, 2014

8.      The City of New York has failed to adjust the claims for the Plaintiff within the statutory time period.  This action is being commenced within the statutory time period.

**THE PARTIES**

9.     Plaintiff JUSTIN CARR (referred to as "PLAINTIFF" throughout this complaint) is a natural person who, at all times mentioned herein, resided in Kings County, New York.

10.     At all times hereinafter mentioned the Defendant CITY was and still is a municipal corporation, organized and existing under and pursuant to the laws of the State of New York. It is authorized by law to maintain a Police Department, and to maintain District Attorney's Offices in each of its five boroughs, including KCDA for Kings County, which acts as its agents in the area of law enforcement to members of the public and for which it is ultimately responsible. Defendant CITY assumes the risks incidental to the maintenance of a NYCPD and KCDA, and the employment of police officers, prosecutors and other employees of those agencies, as said risk attaches to the public consumers of the services provided by the New York City Police Department.

11.     Defendant SARGENT JERRY GARCIA was at all times relevant herein a duly appointed and acting officer, servant, employee and agent of the Defendant CITY and/or NYPD, a municipal agency of Defendant CITY. Said individual Defendant was at all times relevant herein acting under color of state law in the course and scope of his duties and functions as an officer, agent, servant, and employee of Defendant CITY, was acting for, and on behalf of and with the power and authority vested in him by Defendant CITY and NYPD and was otherwise performing and engaging in conduct incidental to the performance of his lawful functions in the course of his duties. Defendant SARGENT JERRY GARCIA is sued in his official capacity and individually.

12.     Defendant OFFICER ROMAN GORIS was at all times relevant herein a duly appointed and acting officer, servant, employee and agent of the Defendant CITY and/or NYPD, a municipal agency of Defendant CITY. Said individual Defendant was at all times relevant herein acting under color of state law in the course and scope of his duties and functions as an officer, agent, servant, and employee of Defendant CITY, was acting for, and on behalf of and with the power and authority vested

in him by Defendant CITY and NYPD and was otherwise performing and engaging in conduct incidental to the performance of his lawful functions in the course of his duties. Defendant OFFICER ROMAN GORIS is sued in his official capacity and individually.

13.    Defendant NEW YORK CITY POLICE DETECTIVEDOUGLAS CARR was at all times relevant herein a duly appointed and acting officer, servant, employee and agent of the Defendant CITY and/or NYPD, a municipal agency of Defendant CITY. Said individual Defendant was at all times relevant herein acting under color of state law in the course and scope of his duties and functions as an officer, agent, servant, and employee of Defendant CITY, was acting for, and on behalf of and with the power and authority vested in them by Defendant CITY and NYPD and was otherwise performing and engaging in conduct incidental to the performance of his lawful functions in the course of his duties. Defendant NEW YORK CITY POLICE DETECTIVE DOUGLAS CARR is sued in his official capacity and individually.

14.    Defendant JOHN DOE POLICE OFFICER was at all times relevant herein a duly appointed and acting officer, servant, employee and agent of the Defendant CITY and/or NYPD, a municipal agency of Defendant CITY. Said individual Defendant was at all times relevant herein acting under color of state law in the course and scope of his duties and functions as an officer, agent, servant, and employee of Defendant CITY, was acting for, and on behalf of and with the power and authority vested in them by Defendant CITY and NYPD and was otherwise performing and engaging in conduct incidental to the performance of his lawful functions in the course of his duties. Defendant JOHN DOE POLICE OFFCIER is sued in his official capacity and individually.

## FACTS

On the night of November 12, 2012, Defendants Sgt. Garcia and Officer Goris were working within the confines of the 77th precinct in Brooklyn.  At approximately 1:20 am the officers responded to a radio run of shots fired in the vicinity of 690 Dean Street in Brooklyn.  According to the Grand

Jury testimony of the defendants Garcia and Goris, they encountered two black males walking alongside one another at the above location. The black males were allegedly swapping jackets and the defendants claim that they observed one of the males hand a firearm to the other.  The defendants approached the two males as the one who had been handed the firearm fled the scene. The other black male, named Nigee Wilson was detained at the scene and arrested.

According to defendant Garcia he gave chase to the black male with the firearm, whereupon the unknown male tripped and fell dropping the firearm on the ground causing the magazine to pop out. Sgt. Garcia testified that the unknown male got up and continued to run as he decided to secure and safeguard the weapon. The unknown black male escaped.

It should be noted the male arrested at the scene, Nigee Wilson, testified in the Grand Jury on his own behalf and the case was voted a No True Bill and dismissed.

Upon information and belief, the defendants radioed a description of the black male who had escaped capture. The description merely stated Black male with a clothing description.  Thereafter, defendant Detective Carr was assigned as the lead investigator on the case.  What happened next is the subject of this litigation.

Despite having never given a description of the lost subject to Detective Carr or anyone else, defendant Goris was able to pick plaintiff Justin Carr out of a photo array.  Detective Carr reached out to plaintiff's family and plaintiff voluntarily surrendered himself to the authorities. Plaintiff was placed in a lineup and allegedly identified by defendant Goris and defendant Garcia as the lost subject from two weeks earlier.  Plaintiff was arrested on or about November 16, 2013 and charged with felony gun possession.  At this point, it is still unclear how the police were able to generate a photo of plaintiff for defendant Goris to identify in the first place.

Plaintiff was in custody in excess of 24 hours while waiting for arraignment.  Plaintiff was released on his own recognizance.  Subsequently, plaintiff was indicted for one count of Criminal Possession of a Weapon in the Second Degree a class "C" violent felony which carries a minimum of

three and a half years in prison and a maximum of fifteen years in prison.  Plaintiff was also indicted on one count of Criminal Possession of a Weapon in the Fourth Degree a class "A" misdemeanor, which carries a maximum penalty of one year in jail.

Post indictment, plaintiff's counsel sought to prove his innocence.  First, counsel for plaintiff performed a trace on plaintiff's cell phone which revealed that at the exact time the alleged crime was committed, plaintiff was two miles away.  Second, plaintiff produced an alibi witness who stated that he and the plaintiff were inside of a nightclub at the time the crime is alleged to have occurred. Lastly, it was revealed there was genetic material recovered from the weapon suitable for DNA testing. Plaintiff voluntarily submitted a sample of his DNA.  After months of court adjournments, it was revealed that the genetic material on the firearm did not match the plaintiff.

To this point, the Kings County Assistant District Attorney's office allowed this case to languish for the better part of a year.  Throughout the life of the case the KCDA threatened plaintiff with jail time on every court date.  Despite all the evidence provided by the defense tending to show plaintiff's innocence, the KCDA continued to make threats and drag their feet.  Eventually, Assistant District Attorney Paul Bromley was assigned to the matter and conducted a thorough investigation into how the police decided that it was Justin Carr who had committed this crime.  Eventually, on December 6, 2013, the Kings County District Attorney's Office dismissed all charges against plaintiff.

On the record, Assistant District Attorney Bromley explained the reasons for the dismissal. Aside from the cell phone records, alibi witness and DNA exclusion, ADA Bromley explained, "And lastly, your Honor, the People find the identification procedure was problematic in the case as one of the identifying officers [P.O. Goris] had an opportunity to view a photograph of the defendant [Justin Carr] prior to that photograph being placed in a photo array. And he [P.O. Goris] also provided that picture to the detective [Detective Carr] who constructed subsequent photo arrays.  That picture was also generated by another officer [John Doe Police Officer], **not on the scene** [emphasis added].  And also, **without any basis on any one description of the defendant by either of the identifying**

**officers** [emphasis added]."

Lastly, ADA Bromley added," The photo array was also constructed, not around the description of the people, but a photo provided by [to] the constructing detective.  These potential taints of the identification prevent the People from proving the charge beyond a reasonable doubt.  And, therefore, it is dismissed."

In essence, the defendants pulled a photo the plaintiff out of thin air and conspired to identify the plaintiff for a crime he clearly did not commit.  The police wantonly and maliciously fingered an innocent young Black man for no apparent reason other than perhaps racial animus. The larger implications of the defendant's actions are enormous.  Consider that a police officer can arbitrarily decide that someone he/she doesn't like can be charged with a crime.  Guilt or innocence be damned.  It makes one wonder how many innocent people are in prison due to the actions of a few rogue police officers as in this case.

### FIRST CAUSE OF ACTION

(42 U.S.C. § 1983; DENIAL OF DUE PROCESS AND A FAIR TRIAL UNDER THE FOURTH AND FOURTEENTH AMENDMENTS; DEFENDANTS GARCIA, GORIS, CARR and JOHN DOE)

14.     Plaintiff re-alleges and incorporates by reference the allegations set forth in the foregoing paragraphs 1 through 13 as if fully set forth herein.

15.     By their conduct and actions in maliciously prosecuting, violating the rights to due process, concealing evidence and fabricating a false identification and/or evidence regarding plaintiff, Defendants GARCIA, GORIS, CARR and JOHN DOE  acting under color of  law and without lawful justification, intentionally, maliciously and with deliberate indifference to or a reckless disregard for the natural and probable consequences of their acts, caused injury and damage in violation of plaintiff's constitutional rights as guaranteed under 42 U.S.C. sec 1983 and the United States Const, including the Fourth and Fourteenth Amendments.

16.     As a result of the foregoing, plaintiff was deprived of his liberty, experienced pain and

suffering, psychological and emotional injury, great humiliation, costs and expenses including but not limited to counsel fees for criminal defense attorney and was otherwise damaged and injured.

## SECOND CAUSE OF ACTION

(MALICIOUS PROSECUTION UNDER U.S.C. § 1983)

17.    Plaintiff re-alleges and incorporate by reference the allegations set forth in the foregoing paragraphs 1 through 16 as if fully set forth herein.

18.    Defendants GARCIA, GORIS, CARR and JOHN DOE did knowingly initiate the criminal prosecution of Plaintiff by swearing to under oath a fabricated criminal court complaint and falsified Grand Jury testimony.

19.    Defendants GARCIA, GORIS, CARR and JOHN DOE manufactured, or caused to be manufactured, false, unreliable and/or misleading "evidence" intending it to be used by the prosecution in determining whether to initiate criminal proceedings against Plaintiff, which "evidence" was used by the prosecution.

20.    By virtue of the foregoing, Defendants GARCIA, GORIS, CARR and JOHN DOE, with actual malice, initiated and continued or caused the initiation and continuance of, criminal proceedings against Plaintiff for which they knew or should have known there was no probable cause and for which in fact there was no probable cause and thereby caused Plaintiff to be deprived of his liberty.

21.    Such proceeding ultimately was terminated in Plaintiff's favor.

22.    The aforementioned conduct of Defendants GARCIA, GORIS, CARR and JOHN DOE which committed, operated to deprive Plaintiff of his rights under the constitution and laws of the United States, to (a) Not be prosecuted upon false, fabricated, manufactured, misleading or inherently unreliable "evidence" including statements and documents and; (b) Not be deprived of his liberty absent probable cause to believe they have committed a crime in violation of their rights under the

Fourth and Fourteenth Amendments to the United States Constitution; and

23.    The foregoing violations of Plaintiff's federal constitutional rights by Defendants GARCIA, GORIS, CARR and JOHN DOE which  substantially, proximately, and foresee ably caused the initiation and continuation of Plaintiff's criminal prosecution, loss of liberty and other injuries and damages.

24.    The foregoing violations of Plaintiff's rights amounted to Constitutional torts and within the scope of Defendants GARCIA, GORIS, CARR and JOHN DOE employment and authority.

25.    Defendants GARCIA, GORIS, CARR and JOHN DOE  committed the foregoing violations of Plaintiff's rights knowingly, intentionally, willfully and/or with deliberate indifference to Plaintiff's  constitutional rights or to the effect of such misconduct upon Plaintiff's constitutional rights.

26.    As a result of the foregoing, plaintiff was deprived of his liberty, experienced pain and suffering, psychological and emotional injury, great humiliation, costs and expenses including but not limited to counsel fees for criminal defense attorney and was otherwise damaged and injured.


### THIRD CAUSE OF ACTION

(MONELL CLAIM UNDER § 1983)

27.    Plaintiff re-alleges and incorporate by reference the allegations set forth in the foregoing Paragraphs 1 through 26 as if fully set forth herein.

28.    At all times material to this complaint, Defendant CITY, acting through its NEW YORK CITY POLICE DEPARTMENT and through the KINGS COUNTY DISTRICT ATTORNEY'S OFFICE, and through the individual Defendants had de facto policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

29.    At all times material to this complaint, Defendant CITY, acting through its NEW

YORK CITY POLICE DEPARTMENT and through the KINGS COUNTY DISTRICT ATTORNEY'S OFFICE and through the individual Defendants and other employees, had de facto polices, practices customs, and usages of failing to properly train, screen, supervise, or discipline employees, police officers, prosecutors, and of failing to inform the individual Defendants' and other employees' supervisors of their need to train, screen, supervise or discipline said Defendants and employees. These policies, practices, customs and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

30.     At all times material to this complaint, Defendant CITY, acting through its NEW YORK CITY POLICE DEPARTMENT, and through the individual Defendants, has de facto policies, practices, customs, and usages of encouraging and/or tacitly sanctioning the cover-up of other law enforcement officers' misconduct, through the fabrication of false accounts and evidence and/or through "the blue wall of silence". These policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

31.     Over a period of time the KINGS COUNTY DISTRICT ATTORNEY'S OFFICE engaged in a pattern of allowing witnesses to manufacture, or caused to be manufactured, false, unreliable and/or misleading testimony intending it to be used to wrongfully convict criminal defendants.

32.     Over a long period of time the KINGS COUNTY DISTRICT ATTORNEY'S OFFICE has engaged in a pervasive pattern of misconduct designed and practiced to systematically and with deliberate indifference deny basic rights to defendants under the Constitutional of the United States,

33.     Over a period of time the KINGS COUNTY DISTRICT ATTORNEY'S OFFICE has engaged in an unlawful office-wide policy, culture and practice of aggressively flaunting the Constitution of the United States by withholding Brady material to criminal defendants including the plaintiff herein.

34.     The conduct of the NEW YORK CITY POLICE DEPARTMENT and the KINGS

COUNTY DISTRICT ATTORNEY'S OFICE in the within case is part of an ongoing pattern of corruption, indifference and ineptitude that is the result of a system wide lack of proper training, guidance and supervision.

35.     As a result of the foregoing, plaintiff was deprived of his liberty, experienced pain and suffering, psychological and emotional injury, great humiliation, costs and expenses including but not limited to counsel fees for criminal defense attorney and was otherwise damaged and injured.


## FOURTH CAUSE OF ACTION

36.     Paragraphs 1 through 35 of this complaint are incorporated herein by reference as though fully set forth herein.

37.     Defendants falsely arrested and unlawfully imprisoned Plaintiff, or caused Plaintiff to be falsely arrested and unlawfully imprisoned, by way of their above-described actions.

38.     Plaintiff claims damages against each Defendant, under 42 U.S.C. § 1983, for the injuries set forth above suffered by Plaintiff as a result of their false arrest and unlawful imprisonment.


## FIFTH CAUSE OF ACTION

39.     Paragraphs 1 through 38 of this complaint are incorporated herein by reference as though fully set forth herein.

40.     Defendants intentionally inflicted emotional distress upon Plaintiff by way of Defendants' above-described actions.

41.     Plaintiff claim damages against each Defendant, under 42 U.S.C. § 1983, for the injuries set forth above suffered by Plaintiff as a result of the Defendants intentional infliction of emotional distress upon Plaintiff.

## SIXTH CAUSE OF ACTION

42.     Paragraphs 1 through 41 of this complaint are incorporated herein by reference as though fully set forth herein.

43.     Defendants negligently inflicted emotional distress upon Plaintiff by way of Defendants' above-described actions.

44.     Plaintiff claim damages against each Defendant, under 42 U.S.C. § 1983, for the injuries set forth above suffered by Plaintiff as a result of the Defendants negligent infliction of emotional distress upon Plaintiff.

## SEVENTH CAUSE OF ACTION

45.     Paragraphs 1 through 44 of this complaint are incorporated herein by reference as though fully set forth herein.

46.     By way of their above-described actions, each of the Defendants, acting under color of law, violated Plaintiff's rights under Article 1, Sections 6 and 12 of the New York State Constitution.

47.     As a result of this violation of Plaintiff's New York State constitutional rights, Plaintiff suffered injuries and claims damages for said injuries.

WHEREFORE Plaintiff, JUSTIN CARR, demands judgment against the Defendants and demands:

(a)Compensatory damages in the sum of $1,000, 000.00(One Million Dollars).
(b)Punitive damages in the amount of $1,000,000.00 (One Million Dollars).
(c) Costs and attorney's fees under 42 U.S.C. § 1988.
(d)Such other and further relief as this court may deem appropriate and equitable.
(e)Plaintiff demands a jury trial.

Dated: Brooklyn, New York

October 8, 2014

Lonnie Hart Jr.
26 Court Street, Suite 714
Brooklyn, New York 11242
(718) 246-8200
(LH 3560)